UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17cv80191

VONISE BLANC,

     Plaintiff,

v.

ZAKHEIM LAW GROUP, P.A.,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff VONISE BLANC ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant ZAKHEIM LAW GROUP, P.A. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.**     ***THE FAIR DEBT COLLECTION PRACTICES ACT***

1.     The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of §1692d set forth a non-exhaustive list of practices that fall within this ban. 15 U.S.C. §1692d.

5.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, of which includes:

of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

…

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 .S.C. §1692e.

6.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

…

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f.

7.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, inter alia, that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

## II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

8.    The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent

that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

9.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

10.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp.*,* 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

11.     As set forth in more detail below, Defendant violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## JURISDICTION AND VENUE

12.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

13.    Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

14.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

15.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

16.    Defendant is a Florida corporation, with its principal place of business located in Planation, Florida.

17.    Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

18.    At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

19.    At all times material hereto, Defendant has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

20.    The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents an allegedly outstanding amount Plaintiff owes the original/current creditor for the creditor's provision of line of credit to Plaintiff that Plaintiff agreed to be financially responsible for repaying

the creditor for any utilization thereof, whereby Plaintiff utilized said line of credit to purchase consumer goods and services for Plaintiff's own personal benefit, as well as the benefit of Plaintiff's family and household.

21.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

22.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

23.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

24.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

25.     On or about April 05, 2016, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

26.     On June 13, 2016, Defendant amended its Articles of Incorporation to change its name from "Zakheim & LaVrar, P.A." to "Zakheim Law Group, P.A." Attached hereto as Exhibit "B" is the Articles of Amendment Defendant filed with the Florida Department of State.

## VIOLATION OF THE FDCPA AND FCCPA

*I.*     ***RELATIONSHIP BETWEEN THE FDCPA & FCCPA***

27.     In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the

FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. §1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

28.     Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.552. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration

and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]."
Fla. Stat., §559.77(5).

## II.     THE LEAST SOPHISTICATED CONSUMER STANDARD

29.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in
reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796
F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose
of the least sophisticated consumer standard is to ensure the protection of the gullible as well as
the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court
applies this objective standard… to protect consumers against deceptive debt collection practices
and to protect debt collectors from unreasonable constructions of their communications." Green v.
Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010). Several courts
have applied this standard when analyzing certain claims under the FCCPA. *See* Palm Coast
Recovery Corp. v. McGinness, Case No. 08-40-CC, 17 Fla. L. Weekly Supp. 286a (Fla. 2nd Cir.
Ct. 2009) (wherein the court interpreted the FCCPA in conjunction with case law requiring an
objective least sophisticated standard and stated that "it would appear to this court that the intent
of the [FCCPA] is to assist an unsophisticated debtor/defendant in any attempt to pay on a
consumer debt"); Green, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA
and applying the least-sophisticated consumer standard to determine whether a collection letter
violated the FCCPA).

## III.    ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS

30.     The FDCPA and FCCPA "have certain parallels, as both relate to consumer
protection against creditors, and include nearly identical definitions of 'communication,' 'debt,'

and 'debt collector.' <u>Kinlock v. Wells Fargo Bank, N.A.</u>, 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

31.     To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." <u>Pescatrice v. Orovitz, P.A.</u>, 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

32.     Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." <u>Deutsche Bank Nat. Trust Co. v. Foxx</u>, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" <u>Bacelli v. MFP, Inc.</u>, 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." <u>Foxx</u>, 971 F. Supp. 2d 1106, 1114 (citing <u>Reese v. JPMorgan Chase & Co.</u>, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

IV.     **THE CLOMON/AVILA DOCTRINE**

33.     In <u>Clomon v. Jackson</u>, the Second Circuit held that a mass-produced letter containing a collection agency's part-time, general counsel's name in the letterhead and a facsimile of his signature at its conclusion, where the attorney reviewed neither the debtor's file nor any particular dunning letter (other than the form) before mailing, constituted a false and misleading

communication in violation of 15 U.S.C. §§ 1692e, 1692e(3) & (10). 88 F.2d 1314 (2d Cir. 1993).

34.     In <u>Avila v. Rubin</u>, the Seventh Circuit held that an attorney who owned both a law firm and a collection agency that were intertwined violated this provision by allowing mass mailings of letters to be sent on his law firm letterhead and over his facsimile signature. The lawyer had insufficient involvement in the cases to avoid the deceptive implication that he was involved in the account as a lawyer, because he did not review debtor files, did not decide which letters to send, and did not see particular letters before they were sent. "The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action;" <u>Avila v. Rubin</u>, 84 F.3d 222, 229 (7th Cir. 1996).

35.     An attorney's review "need not be lengthy, but it must permit the attorney to form a professional opinion about whether the debt is potentially viable, barred by the statute of limitations, uncollectable due to the debtor's bankruptcy, and to evaluate similar legal considerations. <u>Martsolf</u>, 2008 WL 275719 at *8; <i>See</i> <u>Miller</u>, 321 F.3d at 305-06 (stating that collection letter on attorney letterhead implies that attorney has made various types of legal judgments, including the status of the debt); <u>Bezpalko v. Gilfillan, Gilpin & Brehman</u>, No. Civ. A. 97-4923, 1998 WL 321268, at *8 (E.D.Pa. June 17, 1998) (stating that FDCPA requires attorney to be involved in the mailing of a collection letter if letter appears to originate from an attorney).

36.     "A high-speed, automated review bereft of independent professional judgment does not demonstrate the type of considered review that a collection letter on attorney letterhead implies." Martsolf, 2008 WL 275719 at *8; See <u>Boyd v. Wexler</u>, 275 F.3d 642 (7th Cir.2001) (stating that an attorney whose firm issued approximately 50,000 collection letters per month could be found to lack the type of involvement necessary to prevent an FDCPA violation); <u>Semper v. JBC Legal Group</u>, No. C04-2204L, 2005 WL 2172377, at *2 (W.D.Wash. Sept.6, 2005) (holding

that letter signed by "JBC Legal Group, PC / Compliance Department" would cause the least sophisticated debtor to believe that an attorney was involved in the issuance of the letter.)

## COUNT I.
## <u>VIOLATION OF THE FDCPA</u>

37.     Plaintiff incorporates by reference paragraphs 15-36 of this Complaint as though fully stated herein.

38.     As a result of Defendant's forgoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FDCPA – No. 1*

39.     Defendant violated §1692g(a) and §§1692e(2) and (10) of the FDCPA by failing to adequately inform Plaintiff of the true amount owed to the current creditor, by falsely representing the character and/or amount of the debt, and by utilizing false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiff. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover.

40.     Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." *See* 15 U.S.C. §1692g(a)(1). That notice must be contained in either the initial communication regarding the debt, or in another communication "[w]ithin five days after the initial communication." <u>Id</u>. Critically, however, "[s]imply stating the amount due is not enough." <u>Melillo v. Shendell & Assocs., P.A.</u>, 2012 WL 253205, at *4 (S.D. Fla. Jan. 26, 2012) (citing <u>Chuway v. Nat'l Action Fin. Servs., Inc.</u>, 362 F.3d 944, 948 (7th Cir.2004). The collection letter "must state the amount of the debt 'clearly enough that the recipient

is likely to understand it.'" <u>Melillo</u>, 2012 WL 253205 at *4 (quoting <u>Williams v. OSI Educ. Servs.,</u> <u>Inc.</u>, 505 F.3d 675, 677 (7th Cir.2007)); *see also* <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 35 (2d Cir.1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed"); <u>Weiss v. Zwicker & Assocs. ., P.C.</u>, 664 F.Supp.2d 214, 217 (E.D.N.Y.2009) (finding letter failed to state amount of debt where a consumer reading it could reasonably interpret the amount of debt in two ways); <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F.Supp.2d 1361, 1370 (M.D.Fla.2002) (finding letter failed to state amount of debt where it listed different amounts consumers may owe depending on when payments began, and did not indicate whether consumers owed the full amount stated or when payments began).

41.     Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

42.     In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of  the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§1692e(2)(A) and (10). *See*, *e.g.*, <u>Dragon v. I.C.</u> <u>System, Inc.</u>, 483 F.Supp.2d 198, 201–03 (D.Conn.2007) (finding that a collection letter violated §1692g(a)(1) and §§1692e(2) and (10) by not "specifically indicat[ing] the date as of which the 'BALANCE DUE' amount was the full amount of the debt," and was "potentially misleading for the least sophisticated consumer who could readily conclude that the total amount stated as due ... was due *at any time* when in fact it was not and was subject to adjustment ... on a periodic basis." (emphasis in original)); <u>Hepsen v. J.C. Christensen & Associates, Inc.</u>, 2009 WL 3064865, at *4–

5 (M.D. Fla. Sept. 22, 2009) ("A dunning letter must state the exact and correct amount of the debt in order to comply with § 1692g(a)(1) [and] [w]hen a debt collector demands an incorrect amount of money in a dunning letter, it makes a false and misleading representation in violation of § 1692e(2)(A).").

43.     Here, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees which may be added to said principal pursuant to underlying agreement between Plaintiff and the original creditor. Critically, however, the amount that the current creditor (whomever it may be) is entitled to recover from Plaintiff goes much further.

44.     "In diversity cases, federal courts should follow state law governing the award of prejudgment interest." Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp., 526 F. Supp. 2d 1251, 1261 (S.D. Fla. 2007) (citing Seb S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir.2007)). "Under Florida law, 'when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.'" Chalfonte, 526 F. Supp. 2d 1251, 1261 (S.D. Fla. 2007) (quoting Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985).

45.     "[T]he Florida Supreme Court has said prejudgment interest is allowable after a demand of payment of an unsettled claim, for goods supplied or services rendered, from the time of the demand; and where the demand sued for is a money debt, from the time the debt became legally due and payable." Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So. 2d 533, 535–36 (Fla. Dist. Ct. App. 1984) (citing Brite v. Orange Belt Securities Company, 133 Fla. 266, 275–76 (1938); *see also* English and American Insurance Company v. Swain Groves Inc., 218 So.2d 453 (Fla. 4th DCA 1969) ("In actions *ex contractu* it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona fide dispute as

to whether the debt is actually due has no bearing on the question. If it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but also to the interest at the lawful rate from the date due thereof.").

46.     Here, Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the Consumer Debt. *See* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)) ("A debt collection letter is deceptive if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)). For example, the least sophisticated consumer may believe that he or she can pay the Consumer Debt, in-full, by remitting the principal and interest stated in the Collection Letter to the current creditor, regardless of how much time has passed. This is, of course, false.

47.     The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams recently addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the

aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

48.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from Plaintiff – for example – Defendant did not inform the least sophisticated consumer that the Consumer Debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the Consumer Debt was subject to the accrual of interest or other charges; Defendant did not state whether the Consumer Debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion Consumer Debt; Defendant did not state how or when the purported amount owed by Plaintiff had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from Plaintiff upon securing a judgment against Plaintiff. *See* Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("A debt collector is [] required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis." (citing Miller, 214 F.3d 872 at 876); Smith v. Lyons, Doughty & Veldhuis, P.C., 2008 WL 2885887 (D.N.J.2008) (a debt collector is obligated under 1692g(a) to acknowledge that the amount necessary to fully pay the debt may vary as a result of continually accruing interest, fees, and charges).

49.     Thus, in light of the forgoing, Defendant violated §1692g(a) and §§1692e(2) and (10) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the Consumer Debt *was and is* subject to by the current creditor.

***VIOLATION OF THE FDCPA – No. 2***

50.     Defendant violated 15. U.S.C.  §1692g(a) by failing to adequately inform Plaintiff of the rights, as well as how to exercise such rights, of which Plaintiff is entitled pursuant §1692g(a) of the FDCPA. With respect to §1692g(a)(1)-(5), merely quoting statutory language, whether in-full or in-part, does not adequately inform the consumer of the rights he or she is allotted, let alone the nuances involved in exercising such rights. *See* Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("Merely including the information required under 15 U.S.C. § 1692g(a) is insufficient; the notice must be set forth in a form and written context that does not distort or obfuscate its meaning." (citing McMurray v. ProCollect, Inc., 687 F.3d 665, 668 (5th Cir.2012)); *see also* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir.2000) (notice must be "conveyed effectively to the debtor").

51.     To satisfy the mandatory notice requirements of §1692g(a)(1)-(5), "[a] debt collector must ensure that notice of the right to dispute the debt is actually conveyed to the consumer, and that the notice is conveyed effectively, [whereby,] [t]he effectiveness of the notice is based on an objective standard of the manner in which a "least sophisticated consumer" would interpret the notice." In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla.); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'"). Legislation must undoubtedly be drafted with sufficient specificity; however, the *vagueness doctrine* does not contemplate the *least sophisticated consumer*.

52.     Section 1692g(a) was not crafted to protect only those individuals capable of interpreting it, as such woeful irony was not the legislature's intention.  *See* DeCapri v. Law

Offices of Shapiro Brown & Alt, L.L.P., 2014 WL 4699591 (E.D. Va. Sept. 19, 2014) (no requirement that a debt collector quote the language of §1692g(a) verbatim; Furth v. United Adjusters, Inc., 1983 U.S. Dist. LEXIS 20368 (D. Or. Nov. 17, 1983). Rather, the burden ensuring the consumer understands his or her rights is the burden of those whom are availing themselves to the FDCPA's governance, to wit, debt collectors. Moreover, it bears emphasis that the full breadth of §1692g(a), much like the rest of the FDCPA, is relative to the applicable jurisdiction's legislative interpretation thereof. More pointedly, there is no national consensus as to what §1692g(a) mandates and/or how the rights contained there are to be exercised by consumers.

53.     Most critically, to believe that the least sophisticated consumer has the ability to fully grasp the rights he or she is endowed under §1692g(a) – simply by regurgitating the statutory language and/or language similar thereto in a collection letter – is not only ridiculous – but it also requires *two* sweeping assumptions: (1) the *least sophisticated consumer* is able to interpret language which is read differently by attorneys, judges, and courts alike; and (2) the *least sophisticated consumer's* interpretation of §1692g(a) would be the interpretation utilized by our jurisdiction.

***VIOLATION OF THE FDCPA – No. 3***

54.     Defendant violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail. Defendant, by and through the Collection Letter, sought to collect the Consumer Debt from Plaintiff. In short, the envelope used to mail the Collection Letter displayed a bar code through the transparent window of the envelope.

55.     Under the same facts as the instant case the court in <u>Palmer v. Credit Collection</u>

<u>Servs.</u> explicitly articulates why Defendant violated the FDCPA by displaying bar code through

the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] … forbids the debt collector
> from "[u]sing any language or symbol" on the envelope sent to a
> consumer to collect a debt. The bar code, of course, is a symbol.
> Thus, it is undeniable that §1692f(8) forbids the appearance of the
> bar code through the transparent window of the envelope sent to the
> debtor. We must apply the statute as written unless, as our Court of
> Appeals directs, the result would be absurd. *See* Id. at 302-03. An
> oft-cited example of absurdity in this context would be to read the
> statute to disallow the debt collector from affixing a stamp to the
> envelope. *See* Id. at 303.
>
> Congress, for example, could have described or attempted to
> describe in §1692f(8) what specific language or symbols would or
> would not have been inimical to the purposes of the FDCPA.
> Instead, Congress decided to impose a blanket prohibition against
> any language or symbol on the envelope except for the return
> address of the debt collector and its name "if such name does not
> indicate that [it] is in the debt collection business." *See* §1692f(8).
> This approach provides certainty to debt collectors and avoids the
> problem of having to decide on a case by case basis what language
> or symbols intrude into the privacy of the debtor or otherwise
> constitute "an unfair or unconscionable means to collect or attempt
> to collect a debt." *See* §1692f. Congress wrote into the law a bright-
> line rule with respect to markings on envelopes sent to debtors and
> authorized the award of damages to debtors if debt collectors violate
> the plain language of §1692f(8).
>
> We cannot say that what Congress has done leads to an absurd result
> in this case. The bar code in issue is designed to apply specifically
> to the plaintiff and relates to the debt she allegedly owes. Contrary
> to the focus of the parties' arguments, it is irrelevant whether the bar
> code, when scanned, reveals a scrambled or unscrambled number.
> Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015); *see also* <u>Michael v. Hovg</u>, 2017 WL 129111, at *3-

4 (S.D. Fla. Jan. 10, 2017) (rejecting the argument that a bar code or Quick Response code visible

from the exterior of a collection letter's unopened envelope needs to reveal information relating to

the consumer and/or the underlying debt, noting that "the Eleventh Circuit has not yet entered the fray, but even assuming the 'benign language' exception applicable, the Court [was] unwilling to create an additional pleading requirement that Plaintiff must overcome to state a claim under § 1692f(8)." (citing Palmer, 160 F. Supp. 3d 819 at 823 ("The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number." (footnote omitted))).

*VIOLATION OF THE FDCPA – No. 4*

56.     Defendant violated §1692e(3) and §1692e(10) of the FDCPA by utilizing, *including but not limited to*, attorney and/or law firm letterhead and signing the Collection Letter as an attorney and/or law firm. In short, Defendant wrongfully represented itself to the least sophisticated consumer as an attorney and/or law firm despite having no meaningful review of Plaintiff's file and/or failing to exercise professional judgment in reviewing the Collection Letter before dispatching it to Plaintiff.

57.     Here, Defendant falsely represents that the creditor "[had] retained this law firm to collect" the underlying debt. This is false, as Defendant *was not* providing any legal representation, let alone acting as a law firm and/or attorney. In fact, Defendant sought to clothe itself as a debt collector to avoid the professional and ethical protections which the Rules of Professional Conduct would have otherwise allotted to the least sophisticated consumer. For example, Defendant claims itself to be a "law firm," and in the same breath, alleges that the Collection Letter was a "communication [] from a debt collector," stating that, "at this time no attorney with this firm has personally reviewed the particular circumstances of the account." *See* Collection Letter.

58.     In totality, Defendant wrongfully seeks to coheres the least sophisticated consumer into paying the Consumer Debt by having the consumer mistakenly believe meaningful and adequate scrutiny of Defendant's file occurred before the Collection Letter was dispatched. Defendant's wrongful conduct manipulates the least sophisticated consumer into giving the Collection Letter's contents unwarranted validity, and thus, unlawfully causes the least sophisticated consumer to submit to Defendant's deceptive demands by having mislead the consumer into believing he or she had received a letter form an attorney. *See* <u>Boyd v. Wexler</u>, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a dun was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the defendant violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor.").

### *VIOLATION OF THE FDCPA – No. 5*

59.     Defendant violated§1692f(1) of the FDCPA by attempting to collect the Consumer Debt from Plaintiff without the express statutory right, or contractual right, necessary seek the lawful collection thereof.

60.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – section 1692g(a). As set forth in more detail above, Defendant violated §1692g(a), and as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt. Thus, Defendant violated §1692f(1) by

attempting to collect the Consumer Debt without the authority necessary to lawfully seek the collection thereof.

## COUNT II.
## <u>VIOLATION OF THE FCCPA</u>

61.    Plaintiff incorporates by reference paragraphs 15-36 of this Complaint as though fully stated herein.

62.    As a result of Defendant's forgoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FCCPA – No. 1*

63.    Defendant violated Fla. Stat.  § 559.72(11) communicating with under the guise of an attorney by utilizing the stationery of an attorney, to wit, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

64.    Here, Defendant wrongfully seeks to coheres the least sophisticated consumer into paying the Consumer Debt by having the consumer mistakenly believe meaningful and adequate scrutiny of Defendant's file occurred before the Collection Letter was dispatched. Defendant's wrongful conduct manipulates the least sophisticated consumer into giving the Collection Letter's contents unwarranted validity, and thus, unlawfully causes the least sophisticated consumer to submit to Defendant's deceptive demands by having mislead the consumer into believing he or she had received a letter form an attorney.

### *VIOLATION OF THE FCCPA – No. 2*

65.    Defendant violated Fla. Stat.  §559.72(9) by knowingly seeking the collection of the Consumer Debt without the authority necessary to lawfully seek the collection thereof.

66.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – section 1692g(a). As set forth in more detail above, Defendant violated §1692g(a), and as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt. Thus, by failing to provide such notice/disclosures to Plaintiff in conformance with 15 U.S.C. §1692g(a), Defendant knew that, by dispatching the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt from Plaintiff.

*VIOLATION OF THE FCCPA – No. 3*

67.     Defendant violated Fla. Stat.  §559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful.

68.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – section 1692f(8). Defendant knowing engaged in unlawful conduct in attempting to collect the Consumer Debt from Plaintiff, to wit, Defendant unlawfully displayed a bar code on the envelope Defendant used to mail the Collection Letter in violation of §1692f(8) of the FDCPA. Accordingly, because full compliance with the FDCPA is necessary for Defendant to maintain lawful collection authority of applicable debt, Defendant knowingly sought the unlawful collection of the Consumer Debt from Plaintiff. Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000) (in determining what constitutes a misrepresentation of a legal right under §559.72(9) of the FCCPA, the court "must refer to other statutes that establish the legitimacy of a debt and define legal rights.").

## DEMAND FOR JURY TRIAL

69.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)     Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)     Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e)     Any other relief that this Court deems appropriate and just under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

DATED: February 16, 2017

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                       .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540
*COUNSEL FOR PLAINTIFF*
                    AND

 /s/ Thomas J. Patti                                       .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:        954-507-9975

*CO-COUNSEL FOR PLAINTIFF*